IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00265-WYD-MEH

BRADDOCK FINANCIAL CORPORATION, on behalf of Galena Street Fund, L.P.,

    Plaintiff,

v.

WASHINGTON MUTUAL BANK,

    Defendant.

___

**ORDER ON DEFENDANT'S MOTION FOR A TEMPORARY STAY OF DISCOVERY**
___

Before the Court is Defendant's Motion for a Temporary Stay of Discovery and Further Initial Disclosures Pursuant of Federal Rules of Civil Procedure 26(c) [Docket #34]. The matter is briefed and has been referred to this Court [Docket #35]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion to Stay.

**I.    Facts**

Plaintiff filed this action for breach of contract, promissory estoppel, and unjust enrichment against Defendant for its actions as loan servicer for two pools of securitized mortgages. Defendant entered a Mortgage Loan Purchase and Sale Agreement and Servicing Agreement with Countrywide Home Loans, Inc. ("Countrywide"), and Countrywide entered a Polling and Servicing Agreement with a number of parties to create a trust fund with interests in the trust sold as certificates to various parties including Plaintiff. Plaintiff alleges that it caused Galena Street Fund to purchase certificates in the trust, and that Defendant failed to service the loans and remit funds to the trust as required by the agreements mentioned above, and their subsequent agreements. Plaintiff further alleges that

Defendant improperly paid monies to senior certificate holders, resulting in improper losses to junior certificate holders such as Plaintiff.

Defendant filed a Motion to Dismiss on the grounds that Plaintiff has no standing to bring these claims, and that these claims must be brought by the Trustee of the trust, not certificate holders. Defendant contends that the Trustee has filed two lawsuits in California and has no need to continue this action in Colorado. Because of this alleged lack of standing, Defendant filed a Motion for a Temporary Stay of Discovery, requesting that discovery be limited to Plaintiff's standing until a ruling has issued on the Motion to Dismiss. In response, Plaintiff argues that this case will continue even if Plaintiff is not the proper party, because the Trustee, Wells Fargo, can continue to prosecute this action.

## II.     Discussion

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendant seeks protection from significant discovery until a ruling is issued on its pending Motion to Dismiss. A stay of all discovery is generally disfavored in this District. *Chavez v. Youn Am. Ins. Co.*, No. 06-2419, 2007 U.S. Dist. LEXIS 15054 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

The parties agree that the following five factors should guide the Court's determination:

(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the

>convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-1934, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980). The Court considers each factor in turn.

First, Plaintiff argues it will be prejudiced by a stay, because Defendant no longer services the loans, and documents may not be preserved if discovery is stayed. Yet, as Defendant points out, the Trustee has filed actions in California, and Defendant is already compiling the relevant documents for those cases. Thus, a temporary stay does not appear to present the prejudice of which Plaintiff complains. Second, Defendant argues it will be burdened by discovery in this action when the case may not proceed, and that discovery will require disclosure of confidential information to which Plaintiff is not entitled. Plaintiff points out, however, that this discovery will continue even if the Trustee must prosecute the action, and that a protective order can preclude any burden caused by the disclosure of confidential information. The Court sees a burden to Defendant in requiring substantial discovery (Plaintiff lists 30 depositions in the Scheduling Order) prior to a ruling on the issue of standing. Third, this same burden of extensive discovery also weighs in favor of a stay for purposes of judicial economy, and the mere fact that new deadlines may be required if discovery continues after a ruling on Defendant's Motion to Dismiss does not impose a burden on the Court. Fourth, Defendant points out that confidential financial information from the loans it serviced will need to be disclosed, and that Plaintiff may not have a right to review this information. While a protective order would prevent dissemination of this information, it does not alleviate the Court's concern with confidential information being disclosed to a party that may have no right to review such information. Accordingly, the interests of the non-parties, whose financial information may

3

be disclosed, supports a stay in this case. Finally, no public interest weighs either in favor of or against a stay.

In weighing these factors and the parties' arguments, the Court distinguishes between a motion to dismiss based on the merits of an action, which rarely justifies a stay, and a motion to dismiss based on either the Court's lack of jurisdiction to hear a matter or a party's inability to sue or be sued (i.e., standing and the defense of immunity). Further, the fact that Defendant is already engaged in litigation with the Trustee weighs in favor of stay in this case pending a ruling on the Motion to Dismiss.

### III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion for a Temporary Stay of Discovery and Further Initial Disclosures Pursuant of Federal Rules of Civil Procedure 26(c) [Filed May 7, 2008; Docket #34] is **granted**. Discovery is limited to the issue of Plaintiff's standing, pending resolution of Defendant's Motion to Dismiss. The parties shall file a status report, if necessary, within three business days of receiving a ruling on the Motion to Dismiss, indicating what changes in the Scheduling Order are needed.

Dated at Denver, Colorado, this 30th day of May, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge